IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANDRA WERTH,

        Plaintiff,

vs.                               Case No. 12-1201-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

1

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

3

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On November 18, 2010, administrative law judge (ALJ) Michael A. Lehr issued his decision (R. at 12-23). Plaintiff alleges that she has been disabled since July 29, 2008 (R. at 12). Plaintiff is insured for disability insurance benefits

through December 31, 2013 (R. at 14). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 14). At step two, the ALJ found that plaintiff has the following severe impairments: multiple sclerosis, degenerative disc disease of the lumbar spine, obesity, and a history of left rotator cuff tear (R. at 14). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15). After determining plaintiff's RFC (R. at 16), the ALJ determined at step four that plaintiff is unable to perform his past relevant work (R. at 21). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 22). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 22-23).

**III. Did the ALJ make a RFC determination in accordance with SSR 96-8p?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC

5

assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review.

Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made the following RFC findings:

> …claimant has the residual functional capacity to perform a range of light work…in that she can lift 25 pounds occasionally and frequently; can stand and/or walk about 4 hours out of an 8 hour workday for no more than one hour at a time; can sit for about 4 hours out of an 8 hour workday for no more than one hour at a time; and push and/or pull the same weights; can only occasionally stoop and kneel; can never crouch or crawl; and must avoid concentrated exposure to temperature extremes, weather, wetness and humidity, dust and fumes, vibration, and workplace hazards such as dangerous moving machinery and unprotected heights.

(R. at 16).

The record includes a physical RFC assessment by Dr. Mallonee, plaintiff's treating physician (R. at 335-336). The ALJ gave controlling weight to the opinions of Dr. Mallonee, except for one limitation. The ALJ did not include in his RFC findings the opinion of Dr. Mallonee that plaintiff could only stand and/or walk for 3 hours out of an 8 hour workday; the ALJ found that plaintiff could stand and/or walk for 4 hours in an 8 hour workday (R. at 20). The ALJ did not give controlling weight to this opinion for the following reasons:

> Dr. Mallonee's conclusion regarding the claimant's ability to stand and walk is not given controlling weight because it is inconsistent with the longitudinal record and the claimant's reported activities of

7

> daily living.  The undersigned notes that
> the claimant has indicated sitting causes
> her more difficulty than standing or
> walking; however, Dr. Mallonee reported her
> standing and walking was more limited tha[n]
> her ability to sit (Exhibit 4E).  In
> addition, as discussed above, the claimant
> is able to walk up to a mile at one time,
> has reported needing only brief rest periods
> after walking, and according to Dr.
> Mallonee, is able to stand and/or walk for
> up to one hour without rest.  These
> abilities indicate the claimant's ability to
> stand and/or walk is no more limited than
> her ability to sit…the evidence suggests her
> ability to stand and/or walk is
> approximately the same, or better than, her
> ability to sit.

(R. at 20).

Plaintiff testified that she takes 4 to 8 hours, including breaks, to mow the yard with a push mower.  She stated that she is able to mow for 45 minutes to 1 hour before needing to take a break (R. at 40-41).  She also stated in a report that she shops once a week (in stores and by mail), stating that she shops for 1 to 1 ½ hours (R. at 173).  She indicated she can walk up to one mile a day (R. at 50), and that it takes her an hour to walk a mile; plaintiff further testified that she did not think she could sit for an hour (R. at 55).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005); <u>White v. Barnhart</u>, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will

not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).

The ALJ did not accept the opinion of Dr. Mallonee that plaintiff was limited to standing and/or walking for 3 hours in an 8 hour workday, relying on plaintiff's activities of daily living. The ALJ found that plaintiff's ability to stand/walk is no more limited than her ability to sit; in fact, the ALJ stated that the evidence suggested that her ability to stand/walk is approximately the same, or better than, her ability to sit. Plaintiff testified that she could push a mower for 4-8 hours, with little breaks, and could mow for up to 1 hour at a time before needing a break. While plaintiff said she could walk for 1 hour, she further indicated that she did not think she could sit for that long. The court finds that substantial evidence in the record supports the finding of the ALJ not to adopt the opinion of Dr. Mallonee that plaintiff can only stand/walk for 3 hours in an 8 hour workday.

The ALJ also accorded only some weight to the opinion of Dr. Daily, who had indicated in February 2009 that plaintiff perform light work on a ½ time basis for 4 weeks, and further

9

indicated in March 2009 that plaintiff could perform regular work ½ time (R. at 280, 432). Plaintiff alleges that the ALJ improperly discounted these opinions by Dr. Daily. However, Dr. Daily indicated in May 2009 that plaintiff would not qualify for disability (R. at 254, 431). Furthermore, neither Dr. Mallonee nor Dr. Siemsen had limited plaintiff to working only ½ a day. Dr. Mallonee had indicated that plaintiff could sit and stand/walk for 7 hours in an 8 hour workday, and Dr. Siemsen had opined that plaintiff could sit and stand/walk for 8 hours in an 8 hour workday (R. at 325-333). Plaintiff had testified that she could cut the grass with a push mower in 4-8 hours, stopping and resting for a little bit, and could cut the grass for up to an hour before taking a break (R. at 40-41). Substantial evidence supported the ALJ's decision to only give some weight to the opinions of Dr. Daily.

Finally, plaintiff argues that the ALJ failed to consider plaintiff's obesity in making his RFC findings. SSR 02-1p is a social security ruling governing the evaluation of obesity. It states that, when assessing RFC, obesity may cause limitations of various functions, including exertional, postural and social functions. Therefore, an assessment should also be made of the effect obesity has upon the claimant's ability to perform routine movement and necessary physical activity within the work environment. Obesity may also affect the claimant's ability to

sustain a function over time. In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. 2002 WL 32255132 at *7. The discussion in the SSR on obesity and RFC concludes by stating that: "As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." 2002 WL 32255132 at *8.

In his decision, the ALJ found obesity to be a severe impairment, and cited to SSR 02-01p when discussing whether plaintiff's impairments met or equaled a listed impairment, providing a detailed explanation for his finding that plaintiff's impairments, after considering plaintiff's obesity, did not meet or equal a listed impairment (R. at 15-16). The ALJ also discussed plaintiff's obesity, including her weight and body mass index (BMI), when discussing plaintiff's RFC findings, and stated that obesity was a factor in limiting plaintiff to light work (R. at 19).

Furthermore, plaintiff has failed to point to any evidence in the record indicating that plaintiff's obesity resulted in limitations not included in the ALJ's RFC findings. In the case of Arles v. Astrue, 438 Fed. Appx. 735, 740 (10th Cir. Sept. 28, 2011), the ALJ specifically stated that plaintiff's obesity was evaluated under the criteria set forth in SSR 02-1p, and that the court's practice was to take a lower tribunal at its word

11

when it declares that it has considered a matter [citing to Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005]. Moreover, the court noted that the claimant did not discuss or cite to any evidence showing that obesity further limited his ability to perform a restricted range of sedentary work. The court held that the ALJ's decision provided an adequate explanation of the effect of obesity on plaintiff's RFC.

In the case of Warner v. Astrue, 338 Fed. Appx. 748, 751 (10th Cir. July 16, 2009), the ALJ found that the claimant's body mass index placed her in the obese range and concluded that she had significant restrictions in her abilities to perform work related activities, in part, as a result of her obesity. The ALJ followed this statement with a detailed discussion of the claimant's orthopedic, muscular, rheumatic, and joint issues, coronary artery disease, and pain. The ALJ made RFC findings consistent with the assessment of the medical consultant. The court held that the ALJ decision adequately discussed the effect of obesity on the claimant's other severe impairments.

In the case before the court, the ALJ found that plaintiff was obese, and set forth his BMI. The ALJ indicated that plaintiff's obesity, in combination with other impairments, limited him to light work with other limitations. Finally, plaintiff failed to cite to any medical or other evidence showing that obesity resulted in limitations not contained in

the ALJ's RFC findings.  Therefore, the court finds no error by the ALJ in his consideration of plaintiff's obesity.

In summary, the court finds that the ALJ's RFC assessment included a narrative discussion describing how the evidence supported each conclusion, and cited to specific medical facts and nonmedical evidence.  The ALJ explained how material inconsistencies in the evidence in the case record were considered and resolved.  When an ALJ finding conflicted with a medical opinion, the ALJ explained why the opinion was not adopted, and substantial evidence supported that explanation.  Therefore, the court finds that the ALJ's RFC findings were in accordance with the requirements of SSR 96-8p.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 17th day of July 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge